849 So.2d 398 (2003)
STATE of Florida, Appellant,
v.
Lawrence DAVIS and Naeem John, Appellees.
Nos. 4D02-5038, 4D02-4892.
District Court of Appeal of Florida, Fourth District.
June 25, 2003.
*399 Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Clayton R. Kaeiser and Rayfield McGhee, Miami, for appellees.
PER CURIAM.
The state appeals non-final orders of the trial court granting co-defendants', Lawrence Davis's and Naeem John's, joint motion to suppress evidence because of an illegal investigatory stop. We have jurisdiction. Fla. R.Crim. P. 9.140(c)(1)(B).
Defendants, Davis and John, were charged with robbery with a firearm. They moved to suppress evidence seized pursuant to an investigatory stop alleging various grounds. The trial court granted the suppression motion concluding the defendants were stopped on a mere hunch. The state appeals. Because the totality of the circumstances established a reasonable suspicion that the suspects had engaged in criminal activity, we REVERSE.
Captain McCann, an off-duty police officer, was walking his dog at his apartment complex on the day of the offense. Although it was early evening, the area was well lit with street lights. McCann heard numerous police sirens approaching and turned on his hand-held police radio to find out what was going on. McCann learned a robbery had just occurred at a bank one block north of his apartment complex. The BOLO described the suspects as two black or hispanic males, ages 18-20, about 5'9" in height with thin builds, armed with black handguns, wearing hooded sweatshirts. McCann then saw a hispanic or black male walk quickly by him only a few steps away. The man briskly walked through the parking lot and climbed the fence into an adjacent apartment complex. The man was wearing a hooded sweatshirt and had come from the general direction of the reported robbery. McCann radioed police and reported *400 his observations, suggesting that police adjust their perimeter.
Officer Kroger responded to the BOLO and drove to an exit gate of the apartment complex where McCann reported the suspect jumped. Kroger arrived within four to five minutes to establish a perimeter. The complex was gated and three to four blocks from the location of the robbery. Kroger was on the lookout for subjects matching the description provided in the BOLO. Kroger was aware that McCann reported seeing a man matching the description of the suspects jump the wall into the complex. With the police lights of his vehicle on, Kroger watched cars leave the complex. Kroger saw two black males in a car who appeared nervous and were sweating profusely despite 70 degree November weather. Kroger observed that the occupants appeared to be the same height, build, and age as the suspects. Based on his observations, Kroger initiated an investigatory stop. A search of the vehicle produced two black handguns, hooded sweatshirts consistent with the victim's description, and a wallet belonging to the victim. Captain McCann arrived later and identified John as the man he saw jump the wall.
The trial court granted the defense motion to suppress the evidence seized and statements made by defendants finding the stop was not based on an articulable, well-founded suspicion but rather on a mere hunch.
A police officer may, in appropriate circumstances, stop a person for the purpose of investigating possible criminal behavior, even though there is no probable cause for an arrest, as long as the officer has reasonable suspicion that the person is engaged in criminal activity. See Terry v. Ohio, 392 U.S. 1, 19-23, 88 S.Ct. 1868, 20 L.Ed.2d 889(1968); § 901.151(2) Fla. Stat. (2002).
An officer must have an articulable suspicion (a reasonable or founded suspicion), that a person has committed, is committing, or is about to commit a crime before the officer can lawfully detain the person. A founded suspicion is one which has a factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge and experience. State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978).
To establish a well-founded suspicion to stop a vehicle pursuant to a BOLO, a police officer should consider several factors, including: 1) the length of time since the offense; 2) the distance from the offense; 3) the route of flight; 4) the specificity of the description of the vehicle and its occupants; and 5) the source of the BOLO information. State v. Wise, 603 So.2d 61 (Fla. 2d DCA 1992).
A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be reasonable in light of the facts known to the officer at the time. Grant v. State, 718 So.2d 238, 239-40 (Fla. 2d DCA 1998).
In this case, the totality of the circumstances, when interpreted in light of the officer's knowledge, establishes a reasonable suspicion justifying the stop. Kroger arrived at the gate of the apartment complex four to five minutes after receiving the BOLO. The crime itself had occurred only minutes earlier and the complex was geographically close to the scene of the crime, only three to four blocks away. Although the description provided in the BOLO was somewhat general, either black or hispanic males about 5'9" with thin builds wearing hooded sweatshirts, Kroger's suspicion was heightened *401 by the report provided by Captain McCann. Kroger was monitoring this location because McCann, a reliable source, had reported seeing a suspicious person, matching the description of the suspects, jump the wall into the complex. Kroger knew this person might exit the complex through a mechanical gate such as the one he was monitoring. The avenues of escape were limited and circumscribed by a police perimeter. The men Kroger detained in the perimeter matched the description provided in the BOLO, acted nervous upon seeing Kroger, and were sweating profusely. Kroger knew the robbers fled the crime on foot and, at least one of them, was seen jumping fences. Sweating was consistent with the men having recently engaged in this kind of activity or with extreme nervousness.
Kroger's suspicion was more than a hunch. In light of the circumstances and what Kroger knew about the armed robbers, Kroger's investigatory stop was justified by a reasonable suspicion. The temporal and geographic proximity of the stop to the crime, the matching description of the men to the BOLO, the presence of the defendants in the police perimeter, the limited avenues of escape for the suspects, coupled with the defendants' appearance and behavior consistent with flight from the robbery are articulable facts supporting a founded suspicion for the stop. Critical to this finding is Captain McCann's report about the location of the suspicious individual matching the description provided in the BOLO.
We do not decide, nor do we express any opinion, as to the other issues raised in the joint motion to suppress regarding the validity of the continued detention, search, or arrest. The trial court did not address these issues as it found the initial stop to be improper. Resolution of the remaining issues involves factual questions and requires credibility determinations which should be first addressed by the trial court. Accordingly, the order granting the joint motion to suppress based on the illegality of the initial stop is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.
POLEN, FARMER and GROSS, JJ., concur.