VILLANTI, Judge.
 

 The State appeals the trial court’s order granting Othmane Ameqrane’s motion to suppress. The trial court concluded that a police officer who conducted a traffic stop of Ameqrane’s vehicle did not possess the requisite reasonable suspicion that Ameqrane’s faculties were impaired by alcohol so as to justify the officer’s request that he perform a horizontal gaze nystag-mus (HGN) field sobriety test or any other field sobriety test. Based upon the uncon-troverted facts, we conclude that the trial court erred in its legal conclusion and, therefore, reverse and remand for further proceedings.
 

 Ameqrane was charged with one count of driving under the influence and one count of escape from law enforcement custody. He filed a motion to suppress evidence of the field sobriety testing and his statements. At an evidentiary hearing on that motion, Officer Juan Mello of the City of Tampa Police Department testified that he had been a DUI investigator for six years, had received special training to qualify as a DUI officer, and had conducted over 2000 DUI-related arrests. On November 14, 2008, around four o’clock in the morning, Officer Mello observed Ameqrane’s vehicle speeding, and he conducted a traffic stop. Once the vehicle was stopped, the officer approached Ameqrane’s vehicle, began talking to him, detected alcohol on his breath, and noticed that his eyes were bloodshot and glassy. Officer Mello testified that Ameqrane admitted he had consumed alcohol. The officer asked Ameqrane to step out of the vehicle to determine if he was driving under the influence of alcoholic beverages. The officer first performed an HGN test of Ameqrane’s eyes and concluded that his eyes were “bouncing everywhere” and that it appeared Ameqrane had “quite a bit of alcohol in [his] system.” He then asked Ameqrane to submit to additional field sobriety exercises. Ameqrane vacillated between agreeing to additional sobriety testing and refusing to undergo such testing, eventually stating, “Just go ahead and take me to jail.” Ameqrane then refused further sobriety testing, and he was arrested for DUI.
 

 In his motion to suppress, Ameqrane argued that the smell of alcohol and his bloodshot eyes were insufficient to establish reasonable suspicion to conduct any field sobriety testing. The trial court agreed, concluding that under these facts Officer Mello did not have sufficient reasonable suspicion that Ameqrane’s normal faculties were impaired due to the consumption of alcoholic beverages and, therefore, he could not request any field sobriety testing. The court stated that Ameqrane could be detained only long enough to be issued a citation for speeding. Accordingly, the court suppressed all evidence and statements obtained by Officer Mello after his request that Ameqrane perform the HGN field sobriety exercise. This included evidence of the HGN field test, Ameqrane’s refusal to participate in additional field sobriety tests, and any evidence related to subsequent blood tests. Because prevailing case law favors the State in this dispute, we agree that reversal of the suppression order is required.
 

 We apply a mixed standard of review when analyzing a trial court’s ruling on a motion to suppress. “The trial court’s ‘determination of historical facts enjoys a presumption of correctness and is subject to reversal only if not supported by competent, substantial evidence in the record. However, the circuit court’s determinations on mixed questions of law and fact
 
 *341
 
 and its legal conclusions are subject to de novo review.’ ”
 
 State v. K.S.,
 
 28 So.3d 985, 987 (Fla. 2d DCA 2010) (quoting
 
 State v. Clark,
 
 986 So.2d 625, 628 (Fla. 2d DCA 2008)).
 

 To request that a driver submit to field sobriety tests, a police officer must have reasonable suspicion that the individual is driving under the influence. In
 
 State v. Taylor,
 
 648 So.2d 701, 703-04 (Fla.1995), the supreme court provided an example of what constitutes “reasonable suspicion” sufficient to conduct a DUI investigation:
 

 When [the defendant] exited his car, he staggered and exhibited slurred speech, watery, bloodshot eyes, and a strong odor of alcohol. This, combined with a high rate of speed on the highway, was more than enough to provide [the officer] with reasonable suspicion that a crime was being committed, i.e., DUI. The officer was entitled under section 901.151 to conduct a reasonable inquiry to confirm or deny that probable cause existed to make an arrest. [The officer’s] request that [the defendant] perform field sobriety tests was reasonable under the circumstances and did not violate any Fourth Amendment rights.
 

 The purpose of a DUI investigation is to either confirm or deny whether there is probable cause for a DUI arrest.
 
 See id.
 
 at 703;
 
 State, Dep’t of Highway Safety & Motor Vehicles v. Haskins,
 
 752 So.2d 625, 627 (Fla. 2d DCA 1999);
 
 Origi v. State,
 
 912 So.2d 69, 71 (Fla. 4th DCA 2005).
 

 In
 
 Origi,
 
 as in this case, a state trooper observed the defendant speeding. 912 So.2d at 70. The trooper stopped the defendant and noticed that he smelled of alcohol and had bloodshot eyes.
 
 Id.
 
 The Fourth District concluded that these “circumstances gave rise to a reasonable suspicion sufficient to justify detaining [the defendant] for a DUI investigation.”
 
 Id.
 
 at 72. While other facts were recited in the
 
 Origi
 
 opinion — staggering, swaying, and slurred speech — those facts were not relied upon by the district court as the basis for finding reasonable suspicion for the DUI investigation; the district court specifically relied on the defendant’s speeding, odor of alcohol, and his bloodshot eyes.
 
 Id.
 
 at 70-72;
 
 cf. Carder v. State of Fla., Dep’t of Highway Safety & Motor Vehicles,
 
 15 Fla. L. Weekly Supp. 547a n. 2 (Fla. 9th Cir.Ct.2007) (stating that combination of defendant’s bloodshot, glassy eyes and odor of alcohol provided reasonable suspicion to request that Carder submit to field sobriety tests, even if her speech was not slurred);
 
 Fewell v. State,
 
 14 Fla. L. Weekly Supp. 704a (Fla. 9th Cir.Ct.2007) (concluding that there was sufficient reasonable suspicion to request that defendant perform field sobriety tests based on traffic violation, defendant’s bloodshot eyes, sunburn, and a strong odor of an alcoholic beverage);
 
 Brush v. State of Fla., Dep’t of Highway Safety & Motor Vehicles, Bureau of Driver Improvement,
 
 14 Fla. L. Weekly Supp. 2b (Fla. 4th Cir. Ct.2006) (concluding that police officer’s knowledge that defendant had run a stop sign, coupled with his observation that defendant had a strong odor of alcohol about him, a flushed face, and watery, bloodshot eyes, provided reasonable suspicion to conduct field sobriety exercises);
 
 State v. Tamer,
 
 10 Fla. L. Weekly Supp. 931a (Fla. 15th Cir.Ct.2003) (concluding that defendant’s speeding, admission that he had consumed two or three beers, and police officer’s observation that the defendant smelled of alcohol, had bloodshot eyes and a flushed face provided reasonable suspicion to ask defendant to perform field sobriety exercises);
 
 State v. Petroski,
 
 6 Fla. L. Weekly Supp. 621b (Fla. 15th Cir.Ct. 1999) (concluding that state trooper had reasonable suspicion to conduct roadside
 
 *342
 
 sobriety exercises based on smell of alcohol on the defendant’s breath, his glassy eyes, flushed face, and admission of alcohol consumption).
 

 In this case, the police officer testified that he observed Ameqrane speeding at four o’clock in the morning. When he approached Ameqrane to issue a citation, the officer smelled alcohol and observed Ameqrane’s glassy, bloodshot eyes. Upon performing the HGN test, the officer observed that Ameqrane’s eyes were jerky and bouncy and concluded that Ameqrane had apparently consumed “quite a bit” of alcohol. These facts provided sufficient reasonable suspicion to ask Ameqrane to submit to further field sobriety tests to either confirm or deny whether there was probable cause for a DUI arrest. Hence, we see no basis to support the trial court’s legal conclusion that Officer Mello did not have reasonable suspicion to require
 
 any
 
 field sobriety testing under the undisputed facts of this case. Accordingly, we reverse the suppression order and remand the case for further proceedings.
 

 Reversed and remanded.
 

 WHATLEY and WALLACE, JJ., Concur.