VAN NORTWICK, J.
 

 Bryan Hill appeals the trial court’s denial of a motion to suppress evidence seized from his vehicle after he was stopped by a police officer. Because the evidence adduced below was insufficient to establish a lawful basis for the stop, we reverse.
 

 Based on evidence introduced at the suppression hearing, on September 17, 2009, Sergeant Bringmans was traveling through Midway, Florida, an area which had recently been the site of several burglaries and reports of suspicious activities. According to Bringmans’ testimony at the hearing, however, no burglaries or suspicious activities were reported on the night in question. Bringmans testified that, while driving, he observed appellant standing in front of a parked car in the vacant parking lot of a closed Pure Gas Station at 1:15 a.m. Bringmans stated that the appellant “looked right at me went to his driver’s door, got in and took off....” Bringmans made a U-turn to investigate when the appellant entered his car and departed from the lot.
 

 Bringmans followed the appellant’s car for “about a mile and a half’ while running a tag check. Bringmans testified that while following the appellant’s car he did not notice anything unusual about the vehicle or about the way in which the appellant was driving it. Bringmans further testified that he decided to stop appellant because the Pure Gas Station had been closed over two hours before he observed the appellant’s car parked in the lot, because the Pure Station was located in a high crime area, and because appellant entered his car and departed from the Pure Station upon making eye contact with Bringmans. After stopping the appellant’s car, Bringmans requested backup from a nearby canine unit and sent another officer to check the Pure Station and determine whether any “damage or criminal mischief’ had taken place. The canine unit obtained a positive alert. The subsequent search of the car disclosed marijuana and a loaded firearm. Appellant was arrested and later charged by information with carrying a concealed firearm and possession of cannabis (less than 20 grams). Appellant moved to suppress the fruits of the search.
 

 Following a suppression hearing, the trial court held that, given the totality of the matters testified to by Sergeant Bring-mans, a reasonable suspicion existed to stop the appellant’s vehicle. The trial court therefore denied the appellant’s motion to suppress. Thereafter, appellant entered a plea of nolo contendere reserving the right to appeal the denial of suppression.
 

 “The trial court’s ruling on a motion to suppress is a mixed question of law and fact.”
 
 Brye v. State,
 
 927 So.2d 78, 80 (Fla. 1st DCA 2006). An appellate court must “review the trial court’s ruling denying a motion to suppress to determine whether competent, substantial evidence supports the factual findings.”
 
 Panter v. State,
 
 8 So.3d 1262, 1265 (Fla. 1st DCA 2009) (citing
 
 Huffman v. State,
 
 937 So.2d 202, 205 (Fla. 1st DCA 2006)). However, “whether a reasonable suspicion exists under a given set of facts is a question of law reviewable by the de novo standard.”
 
 Beahan v. State,
 
 41 So.3d 1000, 1002 (Fla. 1st DCA 2010) (citing
 
 Ikner v. State,
 
 756 So.2d 1116 (Fla. 1st DCA 2000)).
 

 Here, Sergeant Bringmans did not observe any criminal activity. Following the stop, the officer asked one officer to look for evidence of mischief at the gas station, while at the same time seeking the
 
 *651
 
 assistance of a canine unit for drug detection. While the officer testified at the suppression hearing that he suspected that “[m]aybe the back of the store had been burglarized” or “[m]aybe vandalism in the parking lot or to the building” had occurred, it is apparent that the officer did not have knowledge of any facts relating to a specific criminal offense, a fact which is underscored by the use of the canine unit. Even when construed in a light most favorable to the State, the circumstance identified by the officer as prompting the stop was insufficient to establish a reasonable suspicion.
 
 See L.N.D. v. State,
 
 884 So.2d 515 (Fla. 2d DCA 2004);
 
 Errickson v. State,
 
 855 So.2d 700 (Fla. 4th DCA 2003). Accordingly, we reverse.
 

 The State argues on appeal that police obtained reasonable suspicion to stop appellant’s vehicle after appellant engaged in “headlong flight.” Headlong flight is “the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.”
 
 Illinois v. Wardlow,
 
 528 U.S. 119, 124-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Headlong flight in a high crime area may provide an officer with a reasonable suspicion to investigate further.
 
 F.E.A. v. State,
 
 804 So.2d 528, 529 (Fla. 1st DCA 2002). However, reasonable suspicion of criminal activity is not established simply because a defendant leaves the scene when an officer nears.
 
 See F.E.A.
 
 Further, when a party leaves the scene in a car, a party’s intent is not always clear.
 
 See Cunningham, v. State,
 
 884 So.2d 1121, 1123-24 (Fla. 2d DCA 2004). As explained in
 
 Faff v. State,
 
 884 So.2d 271, 273 (Fla. 2d DCA 2004), a “car that obeys all traffic regulations when leaving a location when a police car arrives would seem to be the motor vehicle equivalent of a person who simply walks away from an officer on foot. Such a person does not invoke the rule of
 
 Wardlow.”
 
 Here, Appellant did not flee at a high rate of speed or in a reckless manner so as to suggest flight. Further, unlike the defendant in
 
 F.E.A.,
 
 appellant was not seen to run to his car upon sight of police. Instead, according to the officer’s testimony, appellant entered his vehicle and drove away from the scene in an unremarkable fashion. Under these facts, the stop cannot be deemed lawful under
 
 Ward-low
 
 and its progeny.
 
 See Hewlett v. State,
 
 599 So.2d 757 (Fla. 2d DCA 1992)(holding stop of vehicle was unlawful where three men, who were aside a vehicle parked next to property of a known drug dealer but who were personally unknown to police, jumped into the vehicle and drove away at a lawful rate of speed as an officer approached);
 
 Paff; Cunningham.
 

 We therefore reverse the trial court’s denial of the Appellant’s motion to suppress, and accordingly REVERSE the Appellant’s judgment of conviction and vacate his sentence.
 

 LEWIS and CLARK, JJ., concur.