STEVENSON, J.
Defendant Roberto Castaneda was charged with one count of possession of cocaine and one count of driving under the influence. The State appeals an order granting Defendant’s motion to suppress the results of the field sobriety exercises. Because we conclude that the officers had reasonable suspicion to detain Defendant, we reverse.
Defendant was pulled over by an officer around 1:00 a.m. for speeding. Prior to initiating the traffic stop, the officer followed Defendant for approximately four blocks and clocked Defendant traveling sixty miles per hour in a forty mile-per-hour zone. When the officer approached Defendant, he smelled the odor of an alcoholic beverage on Defendant’s breath. The officer also noticed that Defendant had bloodshot, watery eyes. When the officer asked Defendant whether he had been drinking, Defendant replied “No.” At that point, the officer asked Defendant to complete some roadside sobriety exercises. The trial court determined that the officer did not have reasonable suspicion to detain Defendant for a DUI investigation, reasoning that Defendant did not exhibit additional signs of impairment, such as staggering, and suppressed the results of the exercises.
When reviewing a motion to suppress, this court should defer to the trial court’s factual findings, while reviewing *42 application of the law to the facts de novo. See McKelvin v. State, 53 So.3d 401, 403 (Fla. 4th DCA 2011). In order to detain someone for a DUI investigation, the officer must have reasonable suspicion that the detainee committed the offense. See State v. Taylor, 648 So.2d 701, 703 (Fla.1995). A reasonable suspicion “ ‘has a factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge and experience.’ ” Origi v. State, 912 So.2d 69, 71 (Fla. 4th DCA 2005) (quoting State v. Davis, 849 So.2d 398, 400 (Fla. 4th DCA 2003)).
In Origi, an officer pulled over the defendant for driving about ninety miles per hour in a sixty-five mile-per-hour zone. Id. at 70. When the officer approached the driver’s side window of the defendant’s vehicle, he observed that the defendant “smelled like an alcoholic beverage.” Id. The officer called for DUI backup and advised the DUI task force trooper who responded that he had noticed the “odor of an alcohol beverage” and that the defendant had “bloodshot and glassy eyes.” Id. Though the defendant exhibited other signs of impairment after he exited the vehicle, including staggering, we held that the defendant’s high rate of speed, the smell of alcohol, and the defendant’s bloodshot, glassy eyes were enough to give rise to a reasonable suspicion sufficient to justify detaining the defendant for a DUI investigation. Id. at 71-72.
Here, the officer made the same observations which we said in Origi constituted reasonable suspicion to detain the driver for a DUI investigation — the officer observed Defendant speeding, smelled an alcoholic beverage on Defendant’s breath, and observed that Defendant’s eyes were bloodshot and watery. Consistent with Origi, we hold that these observations provided sufficient reasonable suspicion to detain Defendant for the purpose of conducting a DUI investigation. See also State v. Ameqrane, 39 So.3d 339, 342 (Fla. 2d DCA 2010) (finding reasonable suspicion for DUI investigation where the defendant was speeding, smelled of alcohol, and had glassy, bloodshot eyes). Thus, the order is reversed.

Reversed.

TAYLOR and GERBER, JJ., concur.