NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILBURN THOMAS,                    )
                                   )
                                   )
          Appellant,               )
                                   )
v.                                 )     Case No. 2D13-488
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____     )

Opinion filed August 8, 2014.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.

          Wilburn Thomas pleaded no contest to possessing methamphetamine and

drug paraphernalia and to resisting an officer without violence, reserving his right to

appeal the denial of his dispositive motion to suppress evidence. We reverse because the evidence was obtained during an illegal traffic stop.

Late one evening, two Haines City police officers sitting in an unmarked vehicle noticed a car sitting with its parking lights on behind a business. The business was closed, but the gates in the fence surrounding it, which were usually shut, were not. The business owner had previously alerted the police that he had recently experienced several burglaries.

The officers observed people with flashlights walking between a dumpster and the bed of a pickup truck. After about ten minutes, the people turned their flashlights off and left the premises in the car. Both officers testified that they had not seen any criminal or illegal conduct. If they had observed such conduct, they said, they would have intervened. As it was, they simply sat in their vehicle and watched the goings-on from afar. When the people left, one of the officers radioed a patrol officer to stop the car in order to investigate the occupants' activities behind the building and to determine whether they had stolen anything.

The patrol officer recounted that the officer who radioed told her that Thomas, a passenger in the car, was with someone involved in the drug trade and that another person in the car had been seen leaving a drug house. She testified that she did not witness a traffic infraction before conducting the stop. Although the patrol officer did not testify about how she discovered the contraband, her police report stated that Thomas was uncooperative when she asked him to step out of the car. She then attempted to arrest him, and he pulled away. In the process, Thomas's shirt pulled up

and the officer saw plastic baggies stuck in his trousers.  The baggies contained the drugs.

The question before us is whether the facts described by the officers were sufficient to establish that law enforcement had a well-founded, articulable, suspicion that criminal activity was afoot and thus could legally stop the car.  We review this question of law de novo, State v. Hankerson, 65 So. 3d 502, 506 (Fla. 2011).

The courts have consistently and repeatedly held that a person's mere presence in an area known for past criminal activity or near a closed business during late-night hours does not provide the founded or reasonable suspicion necessary to stop a car.  L.N.D. v. State, 884 So. 2d 515, 516 (Fla. 2d DCA 2004) (and numerous cases cited therein); see also Hill v. State, 51 So. 3d 649 (Fla. 1st DCA 2011).  Both officers who observed the people behind the business testified that they saw nothing criminal about their activities.  The patrol officer stopped the car solely because one of the other officers asked her to do so—she did not see any traffic violations that would form an independent basis for a stop.  Under these circumstances, the stop simply was not authorized by law.

The contraband items were discovered on Thomas's person as a direct consequence of the illegal stop.  Thus, their exclusion was mandated as fruits of the poisonous tree, no exception having been argued or supported by the evidence at the suppression hearing.  See Moody v. State, 842 So. 2d 754, 759 (Fla. 2003) (noting three exceptions to the poisonous tree doctrine:  (1) an independent source would have led to the evidence; (2) the evidence would have inevitably been discovered in a

-3-

legitimate investigation; and (3) sufficient attenuation existed between the illegal conduct and the discovery of the evidence). Accordingly, we reverse the two possession offenses.

The obstruction without violence charge must also be reversed because the patrol officer did not have an objective basis for detaining Thomas. Therefore, she was not engaged in the lawful execution of a legal duty at the time of the charged obstruction, an essential element of that crime. See E.A.B. v. State, 964 So. 2d 877 (Fla. 2d DCA 2007).

Reversed and remanded with directions to discharge Thomas.

ALTENBERND and LaROSE, JJ., Concur.