DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ELIANA VELASCO,**
Appellee.

No. 4D23-264

[August 2, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Deborah Carpenter-Toye, Judge; L.T. Case No. 22-5141MM10A.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellant.

Gordon Weekes, Public Defender, and Lisa S. Lawlor, Chief Assistant Public Defender, Fort Lauderdale, for appellee.

LEVINE, J.

Appellee was charged with driving under the influence ("DUI"), driving while license suspended or revoked with knowledge, and possession of cannabis. The trial court granted appellee's motion to suppress, finding that the officer who stopped appellee lacked reasonable suspicion to conduct a DUI investigation. We disagree. We find that the officer had more than sufficient evidence establishing reasonable suspicion to initiate a DUI investigation. As such, we reverse.

Appellee moved to suppress all evidence obtained after the officer conducted a DUI investigation, including statements made in connection with the investigation, observations of field sobriety tests, video footage, and breath sample refusal. During the evidentiary hearing on appellee's motion to suppress, the officer testified that he had been a DUI enforcement officer with the City of Coconut Creek for 17 years. During that time, he had conducted over a thousand investigations, and had training in conducting field sobriety exercises as well as advanced roadside impaired driving courses.

Around 1:00 a.m., this officer, who was running a stationary radar, clocked appellee driving 83 miles per hour in an area with a speed limit of 35 miles per hour. The officer then conducted a traffic stop. The officer testified that appellee came to a sudden stop in the turn lane, instead of the usual behavior of "roll[ing]" to a stop. As soon as the officer approached the vehicle, he smelled a strong odor of alcohol coming from the vehicle. While requesting appellee's driver's license, registration, and proof of insurance, the officer noticed a half full cup of liquid on the floorboard behind the passenger seat. As appellee spoke with the officer, he detected a strong odor of alcohol coming from appellee. Additionally, the officer observed appellee having bloodshot and watery eyes as well as slurred speech.

Appellee told the officer that she had been out with friends celebrating her birthday, and she admitted to having consumed three vodka and lemon drinks and an additional three shots. It was at this point the officer called for back-up to assist in conducting a DUI investigation.

Although the trial court found the officer's testimony to be credible, the trial court concluded that the officer lacked reasonable suspicion "at the juncture that he started the DUI investigation." The trial court stated:

> [I]n this case, he's investigating a DUI. He clearly had probable cause to stop the car for speeding or reasonable suspicion, either one and there's cases all over the place that either standard applies. But he clearly had—the stop was justified. The Court finds that. The Court also finds that that—[the officer's] testimony credible.

> The Court, in the totality of all of the evidence that was presented before me today, does find that there was a lack of evidence to suggest that he had reasonable suspicion to detain her for the specific offense of driving under the influence in light of the lack of testimony regarding any sign of impairment.

> And we both know that the case law's pretty clear that speeding, in and of itself, does not necessarily suggest that someone might be impaired.

> So, in the totality of the circumstances in these [sic] particular case, which is the standard that the Court's required to apply, the Court does find that the—this officer, at

2

the juncture that he started the DUI investigation, lacked reasonable suspicion to do so in light of the testimony before the Court.

The trial court entered a written order granting the motion to suppress for the reasons stated on the record in open court. The written order also stated: "The Court finds that based on the totality of the circumstances and the testimony in this hearing—the officer lacked reasonable suspicion to conduct a DUI investigation. No testimony or evidence offered re: impairment."

From the trial court's order granting appellee's motion to suppress, the state appeals.

When we review a motion to suppress, we "defer to the trial court's factual findings, while reviewing application of the law to the facts de novo." *State v. Castaneda*, 79 So. 3d 41, 41-42 (Fla. 4th DCA 2011). In this case, we are asked to determine whether the officer had reasonable suspicion to detain appellee.

Section 316.193(1), Florida Statutes (2022), makes it unlawful for a person to drive a vehicle while under the influence of alcoholic beverages or controlled substances "when affected to the extent that the person's normal faculties are impaired . . . ." Section 316.1934(1), Florida Statutes (2022), provides it is unlawful for a person to drive a motor vehicle while

> under the influence of alcoholic beverages or controlled substances, when affected to the extent that the person's normal faculties are impaired or to the extent that the person is deprived of full possession of normal faculties . . . . Such normal faculties include, but are not limited to, the ability to see, hear, walk, talk, judge distances, drive an automobile, make judgments, act in emergencies, and, in general, normally perform the many mental and physical acts of daily life.

"In order to detain someone for a DUI investigation, the officer must have reasonable suspicion that the detainee committed the offense." *Castaneda*, 79 So. 3d at 42. We have defined reasonable suspicion as having "a factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge and experience." *Id.* (quoting *Origi v. State*, 912 So. 2d 69, 71 (Fla. 4th DCA 2005)).

We find two cases to be particularly persuasive on this issue.  In *Origi*, the officer stopped the defendant for driving 90 miles per hour in a 65 mile per hour zone.  912 So. 2d at 70.  The officer in *Origi* detected an alcoholic odor when approaching the vehicle, as well as noted that the defendant has bloodshot and glassy eyes.  *Id.*  This court found that the defendant's high rate of speed while driving, the odor of alcohol, and the defendant's bloodshot, glassy eyes were all circumstances sufficient to constitute reasonable suspicion justifying the officer's detention of the defendant for a DUI investigation.  *Id.* at 71-72.

The other persuasive case is *Castaneda*.  In *Castaneda*, we relied on the *Origi* case, finding that

> [h]ere, the officer made the same observations which we said in *Origi* constituted reasonable suspicion to detain the driver for a DUI investigation—the officer observed Defendant speeding, smelled an alcoholic beverage on Defendant's breath, and observed that Defendant's eyes were bloodshot and watery.  Consistent with *Origi*, we hold that these observations provided sufficient reasonable suspicion to detain Defendant for the purpose of conducting a DUI investigation.

79 So. 3d at 42; *see also State v. Ameqrane*, 39 So. 3d 339, 342 (Fla. 2d DCA 2010) (finding reasonable suspicion for DUI investigation where the defendant was speeding, smelled of alcohol, and had glassy, bloodshot eyes); *State v. Taylor*, 648 So. 2d 701, 703 (Fla. 1995) (finding reasonable suspicion for DUI where defendant was speeding; staggered upon exiting his car; and had slurred speech, watery, bloodshot eyes, and a strong odor of alcohol).

In the present case, the officer made almost the same observations as in *Origi* and *Castaneda*.  The officer here observed appellee speeding, smelled an alcoholic beverage emanating from appellee, and observed appellee's eyes to be bloodshot and watery.  These factors were sufficient to constitute reasonable suspicion in *Origi* and *Castaneda*, and they are sufficient to find reasonable suspicion in this case.

Further, in the present case, there are additional factors that only add to the finding of reasonable suspicion.  In this case, appellee came to a sudden stop when the officer activated his lights while appellee was driving 83 miles per hour in a 35 mile-per-hour zone.  The officer smelled alcohol emanating from the vehicle, observed a drink on the floorboard behind the passenger's seat, and noted appellee's slurred speech, and appellee

4

admitted to drinking three vodka and lemon drinks as well as three shots. All told, all these factors constitute reasonable suspicion to detain appellee to conduct an investigation regarding DUI.

In summary, we find the trial court erred in granting the motion to suppress, and as such, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS and GERBER, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**