DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**EVELYN BARONE,**
Appellee.

No. 4D2022-2487

[November 8, 2023]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Deborah Carpenter-Toye, Judge; L.T. Case No. 21-009514MU10A.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellant.

Gordon Weekes, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for appellee.

PER CURIAM.

The State appeals a nonfinal order granting a motion to suppress field sobriety exercises (FSEs) in a misdemeanor prosecution for driving under the influence (DUI). The State argues law enforcement may compel field sobriety exercises based on reasonable suspicion alone, and the trial court erred in requiring probable cause, resulting in the suppression of evidence. We agree and reverse.

## I. The Facts

In the early morning hours, two officers observed the defendant speed past two marked police vehicles, drift into another lane of travel, and correct herself. The officers stopped the defendant for speeding.

The arresting officer testified he immediately smelled alcohol when the defendant opened the window. He also noticed the defendant's eyes were glossy, her speech slurred, and she had trouble locating her license and proof of insurance. She told the arresting officer she was driving home

from a friend's house and had consumed one drink. The defendant was unsteady on her feet when asked to exit the vehicle.

The arresting officer asked the defendant if she would do roadside sobriety exercises, and she said yes. When the arresting officer asked her to begin the first exercise, the defendant asked, "Why do I have to do that?" The arresting officer told her that they needed to be sure she was "okay to drive."

The arresting officer's body camera footage was admitted and played at the hearing. The arresting officer first asked, "So, what I would like to do is just ask you a few questions and have you do a few roadside sobriety exercises, so I can make sure you're okay. Would you be willing to do that?" The defendant answered, "Yeah."

The arresting officer then asked the defendant to stand behind her car, so he could begin the roadside sobriety exercises. She asked, "Why do I have to do that?" The arresting officer answered, "I'm asking you to do some roadside sobriety exercises." She said, "I get it . . . Like why?" He told her, "Because I can see signs of impairment. You're slurring your speech; I smell an odor of alcohol; the way you were driving."

In the final exercise, the arresting officer asked the defendant to close her eyes and estimate thirty seconds. After a minute had gone by, the arresting officer walked behind her and placed her in handcuffs.

After an evidentiary hearing, the trial court found the arresting officer observed signs of impairment and had reasonable suspicion to detain the defendant and ask her to perform the exercises as part of the DUI investigation. But the trial court concluded the arresting officer needed probable cause to "compel" the defendant to conduct the exercises. The trial court focused on the arresting officer's words that the defendant "needed" to do the exercises—i.e., her consent was required.

The trial court granted the motion to suppress. From this order, the State now appeals.

## II.  The Analysis

We generally review an order on a motion to suppress under "a mixed standard of review, deferring to the trial court's factual determinations but reviewing de novo its application of the law to the facts of the case." *State v. T.M.,* 248 So. 3d 172, 173 (Fla. 4th DCA 2018). Because the State raises a legal issue, our review is de novo.

2

Courts have inconsistently applied either reasonable suspicion or probable cause to determine the legality of law enforcement's actions in conducting FSEs. *See* Amar V. Patel & Krysten A. Pogue, *Walk & Turn, Finger to Nose, One Leg Stand: Oh My! How Florida Courts Have Defined Field Sobriety Exercises*, 26 St. Thomas L. Rev. 285 (2014) (discussing extensive conflicts in caselaw). Here, the trial court found the officers had reasonable suspicion to detain the defendant but needed probable cause to "compel" the defendant to undertake the FSEs. In this latter decision, the trial court erred.

The proper standard for a law enforcement officer to request FSEs is a reasonable suspicion that a driver has committed a law violation. If an officer has reasonable suspicion a defendant has committed a DUI, the defendant can be required to perform FSEs, and consent is immaterial. *State v. Johnson*, 361 So. 3d 911, 913–14 (Fla. 5th DCA 2023), *notice seeking discretionary review filed*, No. SC2023-0978.

As the trial court correctly found, the arresting officer had a reasonable suspicion to temporarily detain the defendant for a DUI investigation and ask her to conduct the FSEs. *See State v. Taylor*, 648 So. 2d 701, 703–04 (Fla. 1995) (recognizing an officer was authorized to request the defendant to perform FSEs where the officer had reasonable suspicion that a DUI was being committed); *State v. Castaneda*, 79 So. 3d 41, 42 (Fla. 4th DCA 2011) (same); *see also Origi v. State*, 912 So. 2d 69, 71 (Fla. 4th DCA 2005) ("[L]aw enforcement may temporarily detain a driver for a DUI investigation based upon a reasonable suspicion. The purpose of such investigation is to determine whether probable cause exists for a DUI arrest.").

As a practical matter, the idea that an officer can "compel" the FSEs is inaccurate. An officer cannot compel a driver to cooperate in performing FSEs. But the Florida Supreme Court has held that a driver's refusal to submit to the exercises can be admissible at trial to show consciousness of guilt. *Taylor*, 648 So. 2d at 704. An officer needs only a reasonable suspicion of a DUI to temporarily detain a driver and ask him or her to perform FSEs.

The trial court's ruling in this case, and rulings in other conflicting trial court decisions, have applied a Fourth Amendment analysis to require the State to demonstrate the defendant voluntarily consented, which would provide an exception to the search warrant requirement. *See, e.g., State v. Lynn*, 11 Fla. Law Weekly Supp 798b (Fla. 17th Cir. Ct. June 15, 2004) (citing *Smith v. State*, 753 So. 2d 713, 715 (Fla. 2d DCA 2000) (discussing the consent exception to the warrant requirement)).

The defendant's consent, however, is irrelevant to whether the temporary investigative detention is supported by a reasonable suspicion of criminal activity under *Terry v. Ohio*, 392 U.S. 1 (1968), and Florida's Stop and Frisk Law, section 901.151, Florida Statutes (2022). *See also Johnson*, 361 So. 3d at 913–14; *State v. Liefert*, 247 So. 2d 18, 19 (Fla. 2d DCA 1971) (holding that whether the defendant had consented to the physical sobriety tests was immaterial where the officer had "sufficient cause" to believe the driver was intoxicated). Indeed, our supreme court and we have previously held that roadside FSEs are analyzed under the "reasonable suspicion" standard for an investigative stop. *See Taylor*, 648 So. 2d at 703–04; *Castaneda*, 79 So. 3d at 42.

For these reasons, we reverse and remand for the trial court to vacate the order granting the motion to suppress and enter an order denying the motion.

*Reversed and remanded.*

GROSS, MAY and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4