DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**KEVIN TYSON,**
Appellee.

No. 4D2023-1104

[March 6, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Deborah Carpenter-Toye, Judge; L.T. Case No. 21-016150MU10A.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellant.

Gordon Weekes, Public Defender, and Bernadette Guerra, Assistant Public Defender, Fort Lauderdale, for appellee.

PER CURIAM.

The state appeals an order granting defendant Kevin Tyson's motion to suppress in a misdemeanor DUI case. We reverse, holding that the unrebutted testimony of the arresting officer, which the trial court found to be credible, was sufficient to establish that the officer had reasonable suspicion to detain the defendant to conduct a DUI investigation.

Shortly before midnight, the arresting officer observed Tyson driving 73 miles per hour in a 45 mile-per-hour zone. After the officer activated his lights and siren, he noticed Tyson's car driving in the left lane, hitting the right-side lane marker once, and then drifting "at least a couple of inches" into the right lane.

When the officer first encountered Tyson after the stop, he detected the odor of an alcoholic beverage on his breath and noticed that his eyes were red and glassy and his face was flushed. Tyson said he had drunk one or two beers about four hours earlier.

The officer believed Tyson was impaired based on the way he was driving, the smell of alcohol on his breath, and his physical appearance (red, watery eyes and a flushed face).  The officer asked Tyson to step out of his car and initiated a DUI investigation.  Following the investigation, the officer arrested Tyson for DUI and issued a citation for speeding.

The trial court found the officer's testimony to be credible but granted Tyson's motion to suppress, agreeing that the DUI investigation was unlawful because the evidence did not give rise to a reasonable suspicion of impairment.

To detain a driver for a DUI investigation, an officer must have a reasonable suspicion that the driver's normal faculties are impaired, not only that he has consumed alcohol.  *See State v. Velasco*, 368 So. 3d 997, 999–1000 (Fla. 4th DCA 2023) (citing § 316.193(1), Fla. Stat. (2022)).  Reasonable suspicion must be based on "a factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge and experience."  *Id.* at 1000 (quoting *State v. Castaneda*, 79 So. 3d 41, 42 (Fla. 4th DCA 2011)).  Whether a reasonable suspicion exists based on a given set of facts is a question of law subject to de novo review.  *Allenbrand v. State*, 283 So. 3d 969, 970 (Fla. 2d DCA 2019); *Hill v. State*, 51 So. 3d 649, 650 (Fla. 1st DCA 2011).

We have often held that an officer's observations that a driver has been speeding, has the smell of alcohol on his breath, and has bloodshot, watery eyes are sufficient to give rise to a reasonable suspicion to detain the driver to conduct a DUI investigation.  *Velasco*, 368 So. 3d at 1000; *Castaneda*, 79 So. 3d at 42; *Origi v. State*, 912 So. 2d 69, 71–72 (Fla. 4th DCA 2005); *accord State v. Ameqrane*, 39 So. 3d 339, 341–42 (Fla. 2d DCA 2010).  Also, we have recognized that the time of day can be a relevant factor in the reasonable suspicion equation.  *See Baden v. State*, 174 So. 3d 494, 497 (Fla. 4th DCA 2015); *see also Velasco*, 368 So. 3d at 998 (where driver was pulled over around 1:00 a.m.); *Castaneda*, 79 So. 3d at 41 (same); *Ameqrane*, 39 So. 3d at 340 (where driver was stopped around 4:00 a.m.).

Tyson relies on *Hurd v. State*, 958 So. 2d 600 (Fla. 4th DCA 2007), to argue that speeding alone is not sufficient to give rise to a reasonable suspicion of impairment.  However, this case is distinguishable because it involves a speeding violation absent from *Hurd*.

In *Hurd*, an officer conducted a traffic stop after observing the driver looking at the officer several times through his rearview mirror, repeatedly speeding up and slowing down, and changing lanes without using his turn

signal.  *Id.* at 601–02, 603–04.  A later search of the driver revealed drugs. *Id.* at 602.  The driver moved to suppress, arguing that the traffic stop was illegal because the officer lacked probable cause to believe a traffic violation had occurred.  *See id.* at 601–02.  The trial court denied the motion and the driver ultimately entered a plea to drug charges, reserving the right to appeal the denial of the motion to suppress.  *Id.* at 601.

On direct appeal, we reversed the convictions and remanded with instructions to grant the motion to suppress.  *Id.* at 604.  We held the officer did not have probable cause to believe a traffic violation had occurred because the driver's changing lanes without using a turn signal was done safely without endangering other vehicles.  *Id.* at 603–04.  We recognized that the stop could have been justified absent probable cause to believe a traffic violation had occurred if the officer had a reasonable suspicion that the driver was impaired, but the evidence was insufficient to give rise to a reasonable suspicion of impairment.  *Id.* at 604.  The officer saw the driver speeding up and slowing down, but the driver never exceeded the speed limit, and the officer did not believe he was impaired. *Id.*

Tyson relies on the statement in *Hurd* that the driver's speeding up and slowing down did not give rise to a reasonable suspicion of impairment, but that reliance is misplaced.  The driver in *Hurd* never exceeded the speed limit, while Tyson was driving 73 miles per hour in a 45-mile-per-hour zone.  Although Tyson's speeding alone might not have given rise to a reasonable suspicion of impairment, the initial stop of his car was justified because the officer had probable cause to believe that he had committed a traffic violation.  *See Hurd*, 958 So. 2d at 602.  The officer's subsequent observations that Tyson smelled of alcohol and had red, watery eyes and a flushed face—when combined with his speeding and the fact that it was shortly before midnight—created a reasonable suspicion that he was impaired.  The officer had a legal basis for detaining him to conduct a DUI investigation.  *See Velasco*, 368 So. 3d at 1000; *Baden*, 174 So. 3d at 497; *Castaneda*, 79 So. 3d at 42; *Origi*, 912 So. 2d at 71–72.

We reverse the order granting the motion to suppress and remand to the county court for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., GROSS and LEVINE, JJ., concur.

\*          \*          \*

3

*Not final until disposition of timely filed motion for rehearing.*